WATSON STRONG *v.* M. L. BAIRD *et al.*

1. ASSIGNMENT IN BANKRUPTCY. *Competent evidence.* An assignment in
   bankruptcy, reciting upon its face that.it was duly executed in a
   bankrupt proceeding, and properly certified, is made a muniment of
   title by law, and there is no reason why it should not be received as
   evidence, as any other deed executed by an officer or clerk of the
   court, without bringing with it the entire record.

2. SHERIFF'S RETURN. *When complete.* A sheriff's sale is complete when
   his return upon the order of sale shows that the creditors bid the
   amount of their debt and costs, and that the costs were paid to him
   by them, although the, sheriff may have failed to pay the costs over
   to the clerk of the court.

FROM GIBSON.

Appeal from the Chancery Court at Humboldt.
JNO. SOMERS, Ch.

WARE & MARTIN and HILL & WILLIAMSON for
complainant.

W. M. McCALL for defendants.

COOKE, J., delivered the opinion of the court.

Shane, Harris & Co. recovered a judgment against
respondent, Baird, before a justice of the peace, in

1875, for about $130, upon which execution was issued and levied upon the tract of land in controversy, on January 30, 1877. An order of condemnation was had and *venditioni exponas* issued, under which the land was sold and bid off by Shane, Harris & Co., at about the amount of their judgment, interests and costs, on May 26, 1877, the amount of their bid being $158.75. On April 29, 1878, and before the time for redemption expired, Shane, Harris & Co. were forced into bankruptcy, and they were adjudged bankrupts in February, 1879. W. W. McDowell was appointed assignee in bankruptcy of Shane, Harris & Co., and entered upon the discharge of his duties as such, and on March 12, 1879, Latham, the register in bankruptcy, formally assigned and transferred to said McDowell all the real and personal property and effects of said bankrupts, under the provisions of the bankrupt law. At a public sale of the property of said bankrupts, Shane, Harris & Co., Baird having failed to redeem said land, said assignee sold and transferred to complainant, Strong, all claims and interest which Shane, Harris & Co. had in and to said judgment or said land, and authorized and directed the sheriff to make a deed to him for the same, none having been made to Shane, Harris & Co.; and on April 4, 1882, the sheriff of Gibson county, and successor of the sheriff who made the sale, executed to complainant a sheriff's deed for the same. On April 16, 1882, this ejectment bill was filed by Strong against said Baird and one M. A. Bishop, to whom he had conveyed the same, after said bankrupt proceedings, to recover the possession of

said land, which was resisted upon several grounds, but mainly for the alleged reasons, that the sale under said *venditioni exponas* was never completed, and had been abandoned, and because there is no competent evidence of said bankrupt proceedings to authorize said bankrupt sale, or of the assignment of the effects of said bankrupts by the register in bankruptcy to Mc-Dowell, or his sale to complainant, Strong. The chancellor dismissed the bill, and the Referees have reported that his decree should be reversed, and the relief granted as sought by the bill.

The ground upon which the chancellor based his decree is not stated in the record. The only portion of the record of the proceedings in bankruptcy filed in evidence in this cause, is a certified copy of the assignment of the personal and real property of said bankrupts by Latham, the register in bankruptcy, to McDowell, the assignee, and which, under the fourteenth section of the bankrupt act of Congress, was all that is required. This was objected to as incompetent, because a full and complete transcript of the entire bankrupt proceedings was not filed. The copy of said assignment is duly certified, and had been registered in Gibson county, where the land is situate; and, although, by the provisions of the fourteenth section of the bankrupt act, it is expressly made competent evidence in all courts, etc., yet the argument is, that Congress has no right to prescribe rules of evidence for the courts of the States. While this may be conceded, and has been so decided by this court, yet the assignment in bankruptcy is, in effect, a con-

Strong *v.* Baird.

veyance of all the property of the bankrupt to the assignee, and recites upon its face that it was duly executed in a proceeding in bankruptcy in said bankrupt court, and is duly certified to have been executed in said cause. It is made a muniment of title by the provisions of the law, and we see no reason why it may not be received as evidence, the same as any other deed executed by an officer or clerk of a court under the provisions of the law, without encumbering it with the entire record of the cause in which it was authorized.

The return of the sheriff upon the order of sale shows the sale was complete; that Shane, Harris & Co. became the purchasers at the price of $158.75. A memorandum in pencil upon the order of sale shows that the bid was the amount of debt and costs, and also that the costs were paid. The return is in due form, and contains all the recitals necessary to constitute a valid and complete sale. The officer's deposition is taken, however, and he undertakes to contradict his returns by stating that the costs were not paid to him, but the attorney for Shane, Harris & Co. proves positively that Shane, Harris & Co. furnished him the money to pay the costs, and that he did pay it to the officer, and wrote his return at his request. We are satisfied from all the testimony and the circumstances shown by the record, that the costs were paid and the sale was complete. The respondent himself so considered it, as he proves that he made arrangements to get the money with which to redeem the land, but was advised by the clerk that no costs

had been paid to him, and that, therefore, the sale had not been completed. There is some conflict in the testimony, but without further discussing it, we are satisfied that said sale and purchase of the land was complete and was not abandoned, and that complainant did acquire the title to the land by his purchase at the bankrupt sale and sheriff's deed.

The report of the Referees will be confirmed, the decree of the chancellor reversed, and a decree entered in favor of the complainant, that he recover possession of the land and have an account for rents, etc.

The costs of this and the chancery court will be paid by respondents.